[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S OBJECTION TO MOTION FOR SUMMARY JUDGMENT
This matter comes before the court pursuant to the plaintiff's objection to a motion for summary judgment filed by the defendant Eagle American Insurance Company (hereinafter "Eagle"). According to the plaintiff's complaint, Eagle insured the plaintiff's automobile. The insurance included uninsured motorist coverage.
In count three of her complaint, the plaintiff asserts that on August 31, 1995 she was operating her Honda automobile in Windsor, Connecticut. While driving, she stopped at an intersection and was rear-ended by another unknown vehicle. The unknown driver of the vehicle left the scene of the accident before the police arrived. The plaintiff seeks recovery for her injuries from Eagle pursuant to the uninsured motorist provisions of her own insurance policy.
In counts one and two of her complaint, the plaintiff alleges that the vehicle that hit her was owned by Nissan Motor Acceptance Corporation ("Nissan") and driven by Maria W. Thompson of 188 Duncaster Road, Bloomfield, Connecticut. The Nissan vehicle was leased to Maria W. Thompson. Nissan and Maria W. Thompson are named defendants in these counts.
Eagle claims that since the driver of the other vehicle has been identified as a Maria W. Thompson the plaintiff's claim in count three that she was hit by an "unknown" driver is no longer viable and summary judgment should enter in Eagle's favor. The plaintiff responds that while both Nissan and Thompson have admitted in their answers that Thompson leased the Nissan automobile, both have denied that either the vehicle or Thompson was involved in the collision with the plaintiff.
The law is clear that summary judgment may enter only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Connecticut NationalCT Page 13460Bank v. Great Neck Development Co., 210 Conn. 143, 148 (1990).
Based upon the existing pleadings, there exists a genuine issue of material fact as to the identity of the vehicle and driver that collided with the plaintiff. Accordingly, the plaintiff's objection to Eagle's motion for summary judgment is sustained.
So Ordered at Hartford, Connecticut this 22nd day of September, 1998.
Devlin, J.